ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MYRTLE E. SUMNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-015 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Myrtle E. Sumner ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Disabled Widow's Insurance Benefits ("DWIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to January 10, 2003, Plaintiff applied for DIB and DWIB benefits on December 11, 2003. Tr. ("R"), pp. 75-79. The Social Security Administration denied her claims initially and upon reconsideration. R. 32-33. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March

28, 2007. R. 293-329. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, Plaintiff's daughter, and a Vocational Expert ("VE"). R. 293. On April 24, 2007, the ALJ issued an unfavorable decision. R. 10-21.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. There is no definitive evidence that Plaintiff has engaged in substantial gainful activity since January 10, 2003, her alleged onset date.

2. The claimant has the following severe impairments: back pain, TMJ, headaches, and gastroesophageal reflux disease. Claimant's hypertension is non-severe.

3. However, these impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the residual functional capacity ("RFC") to work activities of medium exertional demands[1] that can be done despite limited, but satisfactory, limitations in her ability to do the following: relate to co-workers and interact with supervisors; deal with the public; use judgment and function independently; maintain attention/ concentration; behave in an emotionally stable manner; relate predictably in social situations; demonstrate reliability; and understand, remember and carry out complex and detailed job instructions. She does have a seriously limited ability to deal with work stresses. Additionally, the claimant has more than satisfactory ability to follow work rules, maintain personal appearance, and understand, remember, and carry out simple job instructions. Accordingly, the claimant is unable to perform any past relevant work, which was skilled in nature. (20 C.F.R. § 404.1565).

---

[1]Medium work involves:

> lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

2

> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.[2] (20 C.F.R. §§ 404.1560(c), 404.1566). Accordingly, the claimant has not been under a disability from her alleged onset date through the date of this decision.

R. 15-21.

When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). R. 4-6. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that new and material evidence in the form of a "Mental Capacities Evaluation" completed by Manuel Lucero, M.D., on February 13, 2008 warrants remand pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. no. 13). The Commissioner argues that the ALJ's decision should be affirmed because this evidence is not material and because Plaintiff has not established good cause for her failure to submit this evidence in prior proceedings. (Doc. no. 16).

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

---

[2]The VE testified at the hearing that these jobs would include employment as a laundry worker or hand packager. R. 325-26.

3

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

4

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff's sole argument is that new and material evidence in the form of the "Mental Capacities Evaluation" completed by Manuel Lucero, M.D., on February 13, 2008 requires remand pursuant to sentence six of 42 U.S.C. § 405(g). As noted above, the Commissioner argues that the ALJ's decision should be affirmed because the evidence submitted is not material and Plaintiff has failed to meet the "good cause" standard. The Commissioner has the better argument.

A reviewing court, when presented with new evidence that was never incorporated into the administrative record and presented to the Commissioner for review, may only consider whether the new evidence necessitates remand under sentence six of § 405(g). Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007). A reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994). Sentence six of § 405(g) authorizes a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to incorporate such evidence into the record in a prior proceeding. See 42 U.S.C. § 405(g). The Eleventh Circuit has explained the requirements for a claimant seeking remand for consideration of new evidence as follows:

> (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986); see also Falge, 150 F.3d at 1323. The judicial determination regarding whether a remand is necessary is a *de novo* proceeding. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

Dr. Lucero's evaluation states that Plaintiff's medications would interfere with her ability to work because they cause drowsiness and dizziness. (Doc. no. 13, Ex. 1). The report also opines that Plaintiff cannot "maintain regular attendance work," "be punctual," "complete a normal workday . . . without interruptions from pain-based symptoms," or "perform work at a consistent pace without an unreasonable number and length of rest periods." (Id.). Dr. Lucero reports that Plaintiff's impairments will last indefinitely and summarily concludes that she has been "unable to work" since January 15, 2004. (Id.). Plaintiff argues (1) the report is new and non-cumulative because it is the only opinion in the record by a treating mental health professional; (2) the report is material because it describes Plaintiff's functional limitations during the relevant period, which should be accorded substantial weight as it was rendered by Plaintiff's treating physician; and (3) there is good cause for failure to submit the evidence to the ALJ because it did not exist at the time of the administrative hearing and because Plaintiff's illness prevented her from ensuring that Dr. Lucero completed and returned it to her. (Doc. no. 13, pp. 4-5).

The Commissioner does not dispute Plaintiff's argument that the evidence is new. (Doc. no. 16, p. 11). However, he does contest the materiality of the new evidence because

6

he argues that there is no reasonable possibility that it would change the ALJ's opinion. (Id. at 13) (citing Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)).[3] Even though Dr. Lucero is a treating physician, the Commissioner maintains that the new report is not entitled to substantial weight and would not affect the ALJ's decision because it is conclusory, unsupported by objective medical findings, and inconsistent with the medical evidence of record. (Id.). The Commissioner also argues that the Court should reject Plaintiff's "good cause" argument because she has manipulated the administrative process by waiting nearly a year to obtain the evidence she now contends warrants remand. (Id. at 15-16). The Court agrees with the Commissioner that the evidence is not so material as to necessitate remand. Accordingly, the Court need not reach the Commissioner's "good cause" argument.

Newly submitted evidence is material if it is relevant and probative of Plaintiff's condition. See Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988); Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987); Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "[n]ot every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." Caulder, 791 F.2d at 876 (quoting Chaney, 659 F.2d at 679). And while it is not necessary for a different administrative result to be "likely," the Court will not issue remand to the Commissioner when there is no real possibility of a different outcome. Cf. Latham v. Shalala, 36 F.3d 482,

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

7

483 (5th Cir. 1994) (rejecting requirement that evidence would "likely" have changed result (quoting Chaney, 659 F.2d at 679)). Such is the case here.

As the Commissioner correctly notes, nothing in the record, including Dr. Lucero's own treatment notes, substantiates his recent assessment. Moreover, the only opinion that mirrors Dr. Lucero's opinion is that of Dr. Kuvarni, which the ALJ rejected because Dr. Kuvarni's own treatment notes did not substantiate the recommended limitations. R. 17, 175-78. In the Eleventh Circuit a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Furthermore, refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). However, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Here, Dr. Lucero's report is not supported by any evidence, except the opinion of Dr. Kuvarni, which was already rejected by the ALJ because it was not substantiated by his own treatment records.

Plaintiff's own testimony regarding her regular activities largely comports with the ALJ's conclusion that she had the RFC to perform medium work. See Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir.1987) (the ALJ may consider a claimant's daily activities when evaluating her subjective complaints and determining the issue of residual functional capacity). Indeed, Plaintiff testified that most of her day is spent on housework and cooking. R. 303-04. Specifically, the ALJ noted that Plaintiff mops, vacuums, does the dishes and laundry, and tends to her yard on a regular basis. R. 18. The ALJ also noted that despite Plaintiff's testimony that she has crying spells "all the time," she is still able to perform the tasks described above. R. 19. Accordingly, he discredited her testimony regarding the limiting effects of her mental health issues on her ability to work. Id. In short, Dr. Lucero's report has seemingly appeared out of thin air, as none of the testimony before the ALJ substantiates the findings he made in this new report.

Moreover, despite the fact that Dr. Lucero had been treating Plaintiff for several years, his treatment notes never reflected any opinion that Plaintiff's mental health issues prevented her from working. R. 161-69. While Plaintiff's initial treatment records indicate that she was "not yet stable on medication," Plaintiff never reported any problems with being able to work, nor did Dr. Lucero ever opine that Plaintiff's work activities should be restricted. Despite his own treatment records, Dr. Lucero now contends in the new evidence presented to this Court that Plaintiff is unable to work. However, he provides no objective medical evidence in support of this opinion in his evaluation. Nor does he explain why he has deviated from his opinion in December 2004 that Plaintiff was stable on her current medication, R. 161-62, or the opinion of his colleague, Dr. James Kirkland, who later treated

9

Plaintiff from 2005 through 2006, that Plaintiff's mental health status was stable, R. 257-65. It is also worth noting that Plaintiff's Global Assessment Functioning (GAF) score remained between 53 and 54 from 2004 to 2006.[4] R. 169, 173, 257-67.

Given the nature of the record, the Court is not persuaded that Dr. Lucero's report is material because it is not relevant and probative of Plaintiff's condition; nor does it present any realistic chance of a different administrative outcome in this case. Dr. Lucero's evaluation of Plaintiff's ability to work is conclusory and not supported by any objective medical evidence. Moreover, the limitations he recommends are undermined by his own treatment notes, as well as those of his colleague who treated Plaintiff more recently. Thus, the odds are exceedingly slim that Dr. Lucero's report would result in a different outcome in a new administrative proceeding. While Dr. Kuvarni makes similar recommendations as Dr. Lucero does in the evaluation submitted by Plaintiff, that opinion has already been discounted by the ALJ for lack of support in the record. Dr. Lucero's report similarly lacks such support. In sum, Plaintiff has failed to demonstrate the evaluation of Dr. Lucero is material such that it would likely change the outcome of this case. Accordingly, remand pursuant to sentence six of 42 U.S.C. § 405(g) would not be appropriate.

---

[4]The GAF scale is used for reporting a clinician's judgment of the individual's overall level of functioning and concerns psychological, social, and occupational functioning, and, unless otherwise noted, refers to the level of functioning at the time of evaluation. See Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 30 (4th ed. 1994). A GAF score of 53 to 54 denotes moderate symptoms or any moderate difficulty in social, occupational or school functioning. Id. Although Plaintiff's GAF score is suggestive of some mental impairment, courts have held that even lower GAF scores are not indicative of severe impairment. See Henson v. Barnhart, 373 F. Supp. 2d 674, 681-83 (E.D. Tex. 2005) (diagnosis of "major depression" and GAF score of 50 did not preclude ALJ from finding no severe impairment); Deford v. Barnhart, 347 F. Supp. 2d 1174, 1180-81 (M.D. Ala. 2004) (GAF score of 50 not suggestive of severe mental impairment).

## IV. CONCLUSION

In conclusion, the Court **FINDS** that Plaintiff's new evidence is not so material as to necessitate remand. Accordingly, the Court **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 13th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE